# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CURTIS OSWALT,<br><br>    Plaintiff,<br><br>v.<br><br>RESOLUTE INDUSTRIES INC,<br><br>    Defendant. | CASE NO. C08-1600 MJP<br><br>ORDER ON MOTION TO ENFORCE APPEAL BOND |

The Court, having received and reviewed:

1. Plaintiffs' Motion to Enforce Appeal Bond (Dkt. No. 89)
2. Resolute Industries, Inc. Opposition to Plaintiffs' Motion to Enforce Appeal Bond (Dkt. No. 94)
3. Plaintiffs' Reply to Defendants' Opposition to Motion to Enforce Appeal Bond (Dkt. No. 95)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is GRANTED. OneBeacon Insurance Company is ordered to pay the judgment to Plaintiffs Curtis Oswalt and the Federal Insurance Company in

the amount of $260,535.37, plus postjudgment interest at the rate of 0.34% per annum ($2.43 per day) from April 6, 2010 until the date paid.

**Background**

On April 6, 2010, following a bench trial, this Court entered judgment in favor of Plaintiffs and against Defendant Resolute Industries, Inc. ("Resolute") in the amount of $256,075.17, including prejudgment interest. Dkt. No. 80. Costs were taxed to the judgment on April 7, 2010, in the amount of $4,460.20 (Dkt. No. 81), bringing the judgment total to $260,535.37. Postjudgment interest was fixed at a rate of 0.34% per annum from the date of entry until the date of payment. Dkt. No. 80.

Resolute appealed the judgment from the bench trial verdict, at the same time appealing an order dismissing Third-Party Defendant Webasto Products NA, Inc. from the case on Webasto's motion for summary judgment. Dkt. No. 76.

In order to stay collection of the judgment pending appeal, Resolute posted a supersedeas bond as security, evidence of which was filed with this Court. Dkt. No. 83. The Stipulation of Bond provides, in relevant part:

1. A judgment was entered… against Appellant Resolute Industries, Inc. and in favor of Curtis Oswalt and Federal Insurance Co. …
2. Resolute Industries… desires to suspend enforcement of the judgment pending determination of the appeal.

**PROMISE TO PAY**

Pursuant to FRCP 65.1, OneBeacon Insurance Company… promises to pay to Curtis Oswalt and Federal Insurance Co. all damages, costs and interest that may be awarded to them following the appeal of this matter up to the sum of $275,000.00 if:
   a. The Judgment so appealed is Affirmed.
   b. The Appeal is dismissed.

Dkt. No. 83, p. 2.

On June 16, 2011, the Ninth Circuit Court of Appeals affirmed this Court's verdict awarding judgment in favor of Plaintiffs and against Resolute. Dkt. No. 87. It affirmed the Court's granting of summary judgment dismissing Webasto on all grounds except a design defect claim, which the appellate court reversed and remanded back to this Court. Dkt. No. 87. On July 12, 2011, the Ninth Circuit issued the mandate on its decision. Dkt. No. 88.

Plaintiffs represent that due demand has been made for payment of the judgment and that Resolute has refused to pay. Accordingly, Plaintiffs have moved this Court for an order directing payment of the judgment.

**Discussion**

Defendant Resolute premises its refusal to pay on two grounds: first, that the surety only allows payment where the "Final Judgment" has been affirmed, but not in the circumstance where the Final Judgment has been vacated in part; and second, that the possibility exists (with the reinstatement of Third-Party Defendant Webasto into the case) that Resolute may ultimately be found partially or completely faultless and that it would be "unseemly" to force them to pay the entire judgment at this juncture. Def. Opposition, pp. 1-2.

The Court is persuaded by neither of these arguments. First, the plain language of the bond clearly indicates that it concerned the "judgment… against Appellant Resolute Industries, Inc. and in favor of Curtis Oswalt and Federal Insurance Co.," and that the judgment award would be paid when *"[t]he Judgment so appealed* is Affirmed." Dkt. No. 83 (emphasis supplied). "The judgment so appealed" has been affirmed and the surety's obligation to pay has been triggered. There was no bond posted to secure Resolute's appeal from the dismissal of

Webasto, and the language and effect of the OneBeacon Insurance Company bond has nothing to do with the results of the appeal of the Webasto dismissal.

The absence of a "Final Judgment" in this case is irrelevant to Resolute's obligation under the bond, and its citation to FRCP 54(b) is inapposite – that rule has nothing to do with the enforcement of a judgment that has already been entered and affirmed on appeal. Liability in admiralty claims is joint and several (Edmonds v. Compagnie Generale Transatlantique, 443, U.S. 256 (1979)), so Plaintiffs are entitled to collect the whole of their judgment against Resolute even if it eventually recovers contribution against Webasto.

The factors enumerated in MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849 (4th Cir. 2010) are useful here:

   a. The claims already adjudicated have no binding or preclusive effect on the litigation of Resolute's remaining claims.
   b. This Court will not need to consider issues relating to the judgment which Plaintiffs seek to enforce during any further litigation in this matter.
   c. There is no pending claim or counterclaim which would act as a set-off against the judgment which has now been made final against Resolute by the appellate court.
   d. No miscellaneous factors have been brought forth (e.g., delay, economic or solvency considerations, frivolity of competing claims, expense) which would weigh in favor of staying enforcement of the judgment.

Under those circumstances, the Fourth Circuit was not willing to stay the effect of the trial court's judgment, and neither is this Court.

**Conclusion**

OneBeacon Insurance Company is ordered to pay the judgment issued by this Court to Plaintiffs Curtis Oswalt and Federal Insurance Company in the amount of $260,535.37, plus postjudgment interest at the rate of 0.34% per annum ($2.43 per day) from April 6, 2010 until the date paid.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 11, 2011.

Marsha J. Pechman
United States District Judge