UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS OSWALT,

           Plaintiff,

  v.

RESOLUTE INDUSTRIES INC,

           Defendant.

CASE NO. C08-1600 MJP

ORDER ON
1. MOTION TO EXONERATE BOND
2. MOTION FOR DISBURSEMENT OF FUNDS

The Court, having received and reviewed:

1. Resolute Industries Inc. Motion for Order Exonerating Bond and Entering Satisfaction of Partial Final Judgment (Dkt. No. 104)

2. Plaintiffs' Opposition to Defendants' Motion for Order Exonerating Bond and Entering Satisfaction of Partial Final Judgment (Dkt. No. 110)

3. Plaintiffs' Motion to Disburse Funds and for Sanctions (Dkt. No. 106)

4. Resolute Industries Inc. Response to Plaintiffs' Motion for Disbursement and Sanctions (Dkt. No. 108)

5. Plaintiffs' Reply to Resolute Industries Inc. Response to Plaintiffs' Motion for Disbursement and Sanctions (Dkt. No. 111)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that Plaintiffs' motion is GRANTED: The Clerk of the Court is ordered, pursuant to GR 6(b), to draw a check on the funds deposited in the registry of this Court in the principal amount of $260,535.37 plus all accrued interest, minus any statutory users fees, payable to "Gaspich & Williams PLLC, In Trust for Curtis Oswalt and Federal Insurance Co." and mail or deliver the check to Gaspich & Williams PLLC. Gaspich & Williams PLLC is instructed to notify the Clerk, Financial Section of its Taxpayer ID number.

IT IS FURTHER ORDERED that Defendant Resolute Industries, Inc. and surety OneBeacon Insurance Company shall pay post-judgment interest according to the rate previously set by this Court in the Judgment (Dkt. No. 80) from August 17, 2011, through the date the check drawn from the registry to pay the Judgment is received by Gaspich & Williams PLLC. Gaspich & Williams PLLC is directed to advise counsel for Resolute when it receives the Court's check, and payment of the additional post-judgment interest shall be made to Gaspich & Williams PLLC within seven (7) days of receiving its notice.

IT IS FURTHER ORDERED, pursuant to GR 3(d), that sanctions are awarded in favor of Plaintiffs and against Defendant Resolute Industries, Inc., surety OneBeacon Insurance Company, and attorney Dennis Moran of Moran & Keller PLLC, jointly and severally, in the amount of $9,960. These sanctions shall be paid to Gaspich & Williams PLLC within seven (7) days of this Order.

IT IS FURTHER ORDERED that, upon disbursement of the funds in the Court registry, payment of the post-judgment interest, and payment of the sanctions, the supersedeas appeals

bond issued to Defendant Resolute Industries, Inc. will be ordered exonerated and a satisfaction of partial final judgment shall be entered.

**Background**

This matter is a subrogation case brought by the insurer of Plaintiff boat owner Oswalt for damages sustained in a fire which broke out on his vessel during repairs to his on-board heater. Defendant Resolute Industries (Resolute) brought a third party action against the manufacturer of the heating unit, Webasto Products (Webasto), which this Court dismissed on Webasto's motion.

Following a bench trial with the remaining parties, judgment was entered against Resolute. Dkt. No. 80. Resolute appealed both the dismissal of Webasto and the adverse bench trial result. The Ninth Circuit reversed and remanded the Webasto decision, but affirmed the Court on the finding of liability and award of damages in favor of Plaintiff. Mandate 10-35313.

In response to Resolute's ongoing refusal to pay the judgment against them, Plaintiff brought a motion to enforce the supersedeas bond following the Ninth Circuit's decision. This Court ruled in favor of Plaintiff (Dkt. No. 98; August 11, 2011) and ordered the surety company (OneBeacon) to pay the judgment to Plaintiff (an order which Resolute has appealed). What Resolute's counsel (who represents both Resolute and the surety OneBeacon) did instead was deposit the funds into the Court registry and then request an order that the judgment had been satisfied. Plaintiffs seek an order to distribute the registry funds to them and to sanction Defendants and their counsel for their noncompliance with the Court's order of August 11.

**Discussion/Analysis**

Resolute takes the position that (1) the payment into the Court registry satisfies the Court's order of August 11 and (2) the payment into the Court registry is "simply Resolute's

attempt to preserve its position on the issue [of whether the judgment was due and payable following the Ninth Circuit's ruling] for appeal." Def Response, p. 1.

The Court finds neither of these arguments persuasive. The August 11 order could not have been clearer: "OneBeacon Insurance Company is ordered to pay the judgment issued by this Court *to Plaintiffs Curtis Oswalt and Federal Insurance Company* in the amount of $260,535.37, plus postjudgment interest…" Dkt. No. 98, p. 5 (emphasis supplied). Payment into the Court registry does not constitute compliance with this order or satisfaction of the judgment.

Concerning their second argument, Defendant cites no legal authority for the position that it is entitled to "preserve its position… for appeal" by depositing judgment funds into the Court registry. The Court is unaware of any precedent for this legal theory and is forced to conclude that Defendant simply chose to disregard the August 11 order.

Plaintiff requests sanctions in the form an award of attorney fees and costs necessitated by bringing this motion. Statutory support for this request can be found at 28 USC § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Defendant objects that this request contravenes the "American rule," which it claims "generally precludes an award of attorney's fees absent statutory authorization or an enforceable contractual fees provision." Def Response, p. 2. As Plaintiffs point out, there is statutory authorization for this request and Defendant's claims of "good faith" ring rather hollow in the face of its total lack of case or statutory authority for its unusual interpretation of the Court's order.

Defendant makes one further argument regarding the sanctions request, pointing out that the hours log of Plaintiff counsel's includes 1.7 hours spent on July 5, 2011, which is about a

week before the Ninth Circuit's mandate issued. This argument ignores the fact that the Ninth Circuit's order affirming the bench trial result was issued on June 16, 2011, several weeks in advance of the mandate and also prior to the research done by Plaintiffs' counsel in anticipation of their motion.

**Conclusion**

The deposit of the judgment amount into the Court registry does not constitute satisfaction of judgment or compliance with the Court's August 11 order, nor is it justifiable as a means of preserving Defendant's rights on appeal. Disbursement of the funds to Plaintiffs shall be made in accordance with this order, and post-judgment interest and sanctions are further assessed as indicated *supra*. Upon full payment of all these amounts, the supersedeas bond is ordered exonerated and satisfaction of judgment entered.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 5, 2011.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge