UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS OSWALT and FEDERAL INSURANCE CO., <br><br> Plaintiffs, <br><br> v. <br><br> RESOLUTE INDUSTRIES, INC. and WEBASTO PRODUCTS, NA, INC., <br><br> Defendants. | CASE NO. C08-1600MJP <br><br> FINDINGS OF FACT AND CONCLUSIONS OF LAW |

This matter initially came for trial on March 1 and 2, 2010, before the Court sitting without a jury. At the conclusion of that trial, the Court made its Findings of Fact and Conclusions of Law, concluding that the actions of Jeff Albrecht were the sole, proximate cause of the fire aboard Plaintiff's vessel, the M/V CHUG. (Dkt. No. 67 at 10.) These Findings of Fact and Conclusions of Law were not challenged on appeal, so they can neither be revisited nor altered on remand, and are therefore incorporated in the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT AND CONCLUSIONS OF LAW- 1

On appeal, Albrecht's employer, Resolute Industries, Inc., challenged the Court's grant of summary judgment to third-party Defendant Webasto Products, NA, Inc., the manufacturer of the heater. (Dkt. No. 87, Case No. 10-35313 (9th Cir. June 16, 2011).) The Ninth Circuit concluded that Resolute raised a genuine issue of material fact as to whether Webasto's failure to include an automatic current shutoff device made the heater's design defective, and remanded to this Court for further proceedings on the design defect claim. (Id. at 8195.)

This matter came for trial on April 20, 2012, before the Court sitting without a jury. Third-Party Plaintiff Resolute Industries, Inc. ("Resolute") was represented by Denis Moran of Moran Windes & Wong, and Third-Party Defendant Webasto Products, NA, Inc. ("Webasto") was represented by Troy Greenfield of Schwabe Williamson & Wyatt.

The Court considered the evidence presented at trial, the exhibits admitted into evidence, and the arguments of counsel. The Court has weighed the testimony, exhibits, and evidence using the required "preponderance of the evidence" standard. Now the Court, being fully advised in the premises, makes additional Findings of Fact and Conclusions of Law as follows:

**FINDINGS OF FACT**

1. Defendant Webasto Products NA, Inc. designed and manufactured the Webasto model 2010 heater that was aboard the M/V CHUG.

2. The Webasto model 2010 heater is widely distributed and used in pleasure craft, buses, campers and similar vehicles.

3. The Webasto model 2010 heater is not designed to include an automatic power cutoff switch that would render it inoperative if the unit is open.

4. The Webasto model 2010 heater is designed to be serviced by trained repair personnel, not by untrained persons.

5. A number of troubleshooting or maintenance-related tasks can only be performed on the Webasto heater when the power to the unit is on and the unit is open.

6. If an automatic cutoff switch were included in the Webasto heater, a repairman would have to defeat this safety switch in order to conduct troubleshooting or maintenance-related tasks that require the heater to be turned on when open.

7. The steps that a repairperson would have to take to defeat the proposed safety switch, such as placing a piece of tape inside the heater, may make the heater less safe than it was without any safety switch.

8. Including an automatic safety switch would inadvertently discourage repairpersons from following the currently prescribed safety steps that repairpersons are directed to take before servicing a Webasto heater, such as testing to ensure that no power is flowing to the device.

9. Any safety switch would have to meet the same temperature ratings as the rest of the Webasto model 2010 heater to be safe to -45 degrees Celsius.

10. Resolute has offered no evidence about the cost or feasibility of designing, testing, or manufacturing a safety switch that met the same temperature rating as the rest of the heater.

11. The Webasto model 2010 heater includes a photo cell sensor, which is designed to prevent the igniter from sparking if light is detected.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to the general maritime law and 28 U.S.C. § 1333, and venue is proper in the Western District of Washington.

FINDINGS OF FACT AND CONCLUSIONS OF LAW- 3

2. The installation of an automatic safety switch would not reduce the foreseeable risks of harm from the heater.

3. In many circumstances, adding such a switch could actually increase the risk of harm, because it would need to be defeated to conduct routine repairs.

4. Resolute has not shown that adding an automatic safety switch that met the required temperature ratings could be accomplished at a reasonable cost.

5. Resolute has shown no other reasonable alternative design to the Webasto heater that would be superior to the product in question.

6. The Webasto heater was not defectively designed.

7. The actions of Jeff Albrech aboard the M/V CHUG were the sole, proximate cause of the fire.

8. Resolute remains solely responsible for Plaintiff's damages.

Defendant Webasto Industries, NA, Inc. is ordered to prepare a judgment commensurate with these findings and submit it to the Court for signature within seven days of the filing of these findings.

Dated this 6th day of May, 2012.

Marsha J. Pechman
United States District Judge

FINDINGS OF FACT AND CONCLUSIONS OF LAW- 4